[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 21-13385

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOCELYN ANTONIA LYNCH,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:21-cr-14004-JEM-1

————————————

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Jocelyn Antonia Lynch appeals the 63-month total sentence the district court imposed after she pled guilty to eight counts of wire fraud. Her offense conduct arose out of a seven-year scheme in which Lynch defrauded taxpayer clients who believed they were making payments to settle outstanding debt owed to the Internal Revenue Service ("IRS"). As part of this scheme, Lynch would tell clients she had negotiated an agreement with the IRS and would instruct clients to deposit payments into her personal bank account, but instead of forwarding the payments to the IRS, she would keep the money for herself and would provide her victims with fraudulent documents generated on her home computer that purported to show receipts of payment by the IRS. After accepting her guilty plea and holding a sentencing hearing, the district court sentenced Lynch at the high end of the 51-to-63-month advisory guidelines range.

On appeal, Lynch argues that: (1) her high-end guidelines-range sentence was procedurally and substantively unreasonable because the district court did not adequately consider the guidelines range, assess the fraud loss calculation, or address her mitigating factors, and her sentence was longer than necessary to achieve the statutory goals of sentencing; and (2) her trial counsel provided her with ineffective assistance by failing to object to any of these alleged errors. After thorough review, we affirm.

## I.

When a defendant raises a sentencing argument for the first time on appeal, we review only for plain error. *United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. *Id.* If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* An error cannot be "plain" if it is not clear and obvious under current law. *United States v. Olano*, 507 U.S. 725, 734 (1993); *see also Castro*, 455 F.3d at 1253 (stating that, when the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error if there is no precedent from the Supreme Court or this Court directly resolving it).

We review *de novo* a claim that the district court failed to adequately explain its chosen sentence, regardless of whether the defendant objected on this ground at sentencing. *United States v. Bonilla,* 463 F.3d 1176, 1181 & n.3 (11th Cir. 2006). We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).

"Whether a criminal defendant's trial counsel was ineffective is a mixed question of law and fact, subject to *de novo* review." *Nixon v. Newsome,* 888 F.2d 112, 115 (11th Cir. 1989).

4                     Opinion of the Court                     21-13385

## II.

First, we are unpersuaded by Lynch's claim that her sentence is unreasonable. In reviewing sentences for reasonableness, we perform two steps. *Pugh*, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).[1] The district court need not explicitly say that it considered the § 3553(a) factors, as long as the court's comments show it considered the factors when imposing sentence. *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). Generally, "[a]n acknowledgment the district court has considered the defendant's arguments and the

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

§ 3553(a) factors will suffice." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Notably, one of the factors we've said the district court must consider -- at least in the context of a supervised-release revocation hearing -- is the sentencing range established by the applicable guidelines. *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007); *see also Gall*, 552 U.S. at 49 (stating that "the Guidelines should be the starting point and the initial benchmark" of any sentence). In *Campbell*, the defendant had violated the terms of his supervised release by committing additional crimes, but before he could be taken into federal custody, he was sentenced to five years in state prison. 473 F.3d at 1346–47. Upon his release from state prison, he was taken into federal custody for a revocation hearing. *Id.* at 1347. At the revocation hearing, the district court discussed Campbell's criminal conduct that had occurred *before* his 5 years in state prison and then found that the § 3553(a) factor concerning the protection of society warranted a sentence of 24 months' imprisonment. *Id.*

On appeal, we vacated Campbell's sentence and remanded for resentencing because we found no indication that the district court had considered the guidelines at the revocation hearing. *Id.* at 1349. We recognized that it would have been sufficient if there had been some indication that the district court was aware of and considered the guidelines. *Id.* But at Campbell's hearing, the district court never explicitly mentioned Campbell's advisory guidelines range, never said the word "Guidelines," and never

mentioned the criminal classification of the crime for which Campbell's supervised release had been revoked. *Id.*

We've also held, however, that the guidelines do not require a precise determination for loss. *United States v. Barrington*, 648 F.3d 1178, 1197 (11th Cir. 2011). Rather, "[a] sentencing court need only make a reasonable estimate of the loss, given the available information." *Id.* (quotations omitted). Thus, we've held that the district court's loss estimate was reasonable where it was based on reliable, specific evidence. *Id.* at 1198; *see also United States v. Liss,* 265 F.3d 1220, 1231 (11th Cir. 2001) (explaining that restitution "must be based on the amount of loss actually caused by the defendant's conduct").

If we conclude that the district court did not procedurally err, we consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," based on the "totality of the circumstances." *Pugh*, 515 F.3d at 1190 (quotations omitted). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (quotations, alteration and emphasis omitted). The court need not give all factors equal weight and has discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015).

However, a court may abuse its discretion if it (1) fails to consider relevant factors that are due significant weight, (2) gives

an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). Also, a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence. *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006). We will vacate a sentence as substantively unreasonable only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (quotations omitted). We ordinarily expect a sentence within the guidelines range to be reasonable. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The party challenging the sentence bears the burden of showing it is unreasonable. *Id.*

A criminal defendant who wants to "preserve a claim of error" for appellate review must inform the district court "of [(1)] the action the party wishes the court to take, or [(2)] the party's objection to the court's action and the grounds for that objection." Fed. R. Crim. P. 51(b). A defendant's argument for a specific sentence adequately informs the district court of the action she wishes the court to take as well as the grounds for her objection and accordingly preserves for appeal a claim that her sentence is unreasonably long. *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 764, 766 (2020). Issues not raised in an initial brief on direct appeal are

typically deemed forfeited.  *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022).

Here, Lynch's 63-month total sentence was procedurally and substantively reasonable.  As an initial matter, Lynch did not raise before the district court the arguments she now makes.  Nor did she argue for a specific sentence.  Thus, we review her arguments only for plain error.  *See* Fed. R. Crim. P. 51(b); *see also Holguin-Hernandez*, 26 F.4th at 873.

As for Lynch's claim that the district court plainly erred by failing to adequately consider the guidelines range, it lacks merit. The record reflects that the district court expressly said that it had reviewed, *inter alia*, the presentence investigation report ("PSI"), "which contains the advisory guidelines."  The court added that it had considered the statements of the parties, including that of the government, which argued for a sentence at the high end of the guidelines range.  We recognize that neither party mentioned "63 months," which was the top of the guidelines range as recommended in the PSI.  But, when the district court -- after overruling Lynch's lone objection to the PSI and implicitly agreeing with the government that a sentence at the high end of the guidelines range would be appropriate -- sentenced Lynch to 63 months' imprisonment, it demonstrated that it had considered the guidelines range and that it had used the guidelines as a benchmark.  Unlike in *Campbell*, where the district court adopted the government's recommended sentence without ever mentioning the guidelines, the district court here referred to the guidelines, discussed the

underlying crime, and sentenced Lynch to the top of the guidelines range without needing a numerical prompt from the government. In any event, because Lynch has identified no law holding that a district court errs by failing to explicitly state its guidelines calculations or announce its adoption of the PSI's calculations, she has not shown any plain error in this respect. *Castro*, 455 F.3d at 1253.

We also disagree with Lynch's argument that the district court plainly erred by failing to assess the loss amount. As we've explained, *Barrington* does not hold that a sentencing court is required to go through its loss assessment for the record, and Lynch has cited no other law to support this argument. Further, Lynch stipulated in her plea agreement to the loss calculation, and the court discussed that calculation throughout sentencing without objection, reflecting that the court had assessed the losses and that they were undisputed. And to the extent Lynch challenges the court's factual findings as to the loss amount, the court based its loss estimate on reliable, specific evidence that Lynch had agreed to, which was not plain error. *See Barrington*, 648 F.3d at 1198; *Liss*, 265 F.3d at 1231.

Nor did the district court plainly err by failing to discuss Lynch's mitigating factors. Once again, Lynch has cited no law holding that a district court must expressly discuss a defendant's mitigating circumstances for the record. To the extent a defendant's mitigating circumstances go to her history and characteristics, which sentencing courts must consider, 18 U.S.C. § 3553(a)(1), we've held that a district court need not explicitly refer to each of

the § 3553(a) factors individually, so long as the court considers them all. *Dorman*, 488 F.3d at 944.  The record here reflects that the district court said it had considered the § 3553(a) factors and had reviewed the government's sentencing memorandum, which contained some of Lynch's mitigating factors, as well as Lynch's objections to the PSI, which contained the rest.  Thus, the court did not plainly err by failing to consider the § 3553(a) factors.

As for Lynch's claim that the district court substantively erred by imposing a sentence that was unreasonably long, we are likewise unpersuaded.  Lynch's 63-month sentence was within the guidelines range, and we ordinarily expect a guidelines-range sentence to be reasonable. *See Gonzalez*, 550 F.3d at 1324.  And Lynch has offered no reason for us to consider her sentence extraordinary.  Rather, the court made it clear that it considered Lynch's crime -- in which she stole hundreds of thousands of dollars over seven years by deceiving people who trusted her and were trying to do the right thing by paying their tax debt to the government, damaging their financial and emotional wellbeing, and often devastating their lives -- both "horrible" and an "outrage."  In so doing, the district court justified the sentence in terms of the need for the sentence imposed to reflect the severity of the offense, as it had the discretion to do. 18 U.S.C. § 3553(a)(2)(A).  Thus, under the totality of these circumstances, Lynch's 63-month, guidelines-range total sentence was substantively reasonable.

Lynch also raises in her reply brief a claim that the record is insufficient for meaningful appellate review.  To the extent she's

preserved this argument, we disagree. As the record reveals, the district court thoroughly explained its basis for imposing its chosen sentence, engaged with Lynch's arguments, and said that it had considered the § 3553(a) factors. In short, we are unconvinced by any of Lynch's challenges to her sentence.

### III.

Finally, we decline to consider Lynch's claim that her trial counsel provided her with ineffective assistance. We've long held that we generally will not consider claims of ineffective assistance raised on direct appeal where the district court did not entertain the claim nor develop a factual record. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). We will, however, consider those claims on direct appeal "[i]f the record is sufficiently developed." *Id.* The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion, "even if the record contains some indication of deficiencies in counsel's performance." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (quotations omitted).

Here, we decline to consider Lynch's ineffectiveness claim on direct appeal. As the record reveals, the issue was not raised before the district court, and the court did not have an opportunity to entertain the claim or develop the record.

Accordingly, we affirm Lynch's 63-month total sentence.

**AFFIRMED.**